F. C. McCalla, Trustee of Dehoney, et al *v.* P. Heggins.

Vendor and Purchaser—Deed from Legal Title Holder to Vendee to Save Expense of Making Intermediate Deeds.

　　A remote vendor who holds the legal title to land may convey it by agreement to a remote vendee in order to save the expense of making intermediate deeds.

APPEAL FROM SCOTT CIRCUIT COURT.

June 11, 1869.

Opinion of the Court by Judge Peters:

Although the larger and the smaller tracts were sold together, yet when the first installment of the purchase price was paid, by the agreement of the parties, so much thereof as should be sufficient to pay the whole cost of the smaller tract was to be so applied, and the residue thereof was to go as a payment on the larger tract, on which the lien was retained for what remained unpaid. And it was further agreed that Thomason, a remote vendor, but who held the legal title to the smaller tract, should convey it to Winn, to save the expense of making the intermediate deeds from Thom-

ason to Emerson, his immediate vendee, and he to Dehoney's trustee, and Tilford, the surveyor, was directed to prepare the deed for Thomason to execute, which he did, and it was so executed, delivered and acknowledged before the proper officer before Heggins' execution was levied on the land.

That the legal title passed by that deed to Winn for the smaller tract there can be no doubt, and that it would have been satisfactory to Winn, and was so until Heggins had his execution levied on it, there is as little doubt.

But even if that were not so, it is not shown that the larger tract, on which Dehoney and his trustee have a lien for all of the unpaid price, is not sufficient for its payment, and they should be required to look to it for payment.

We are satisfied, however, that the smaller tract was subject to the sale, and levy, when Heggins *fi fa* was levied on it, as the legal title was in Winn. And we, therefore, *affirm* the judgment.

*Darnaby & Prewitt, for appellant.*

*Cantrill, for appellee.*